# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1654
Lower Tribunal No. 20-502
_____

**K.M., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Asad Ali, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Following a juvenile delinquency adjudicatory hearing held on October 14, 2021,[1] the trial court found K.M. committed a delinquent act, withheld adjudication of delinquency and issued a judicial warning. K.M. appeals, contending that the trial court erred in directing that the witnesses would testify remotely by use of videoconferencing technology. K.M. properly preserved this issue for appeal, filing a written objection to the trial court's decision to allow witnesses to testify remotely. The trial court overruled K.M.'s objection without making any case-specific findings of necessity for proceeding in this manner.

---

[1] At the time of the adjudicatory hearing, In re Comprehensive COVID-19 Emergency Measures for Florida Trial Courts, Fla. Admin. Order AOSC20-23, Amend. 13 (May 6, 2021) was in effect. This administrative order of the Florida Supreme Court provided, inter alia:

- "The presiding judge in all cases must consider the constitutional rights of crime victims and criminal defendants and the public's constitutional right of access to the courts." Id. at 3.
- "[J]uvenile delinquency cases shall be conducted remotely if ordered by the chief judge or the presiding judge or, if not, must be conducted in person." Id. at 14.
- "[A] proceeding shall be conducted in person if the chief judge or presiding judge, in consultation with the chief judge, determines that remote conduct of the proceeding . . . [i]s inconsistent with the United States or Florida Constitution, a statute, or a rule of court that has not been suspended by administrative order." Id. at 15.

See also In re COVID-19 Health and Safety Protocols and Emergency Operational Measures for Florida Appellate and Trial Courts, Fla. Admin. Order AOSC21-17, Amend. 1 (July 29, 2021).

In light of our recent decisions in <u>M.D. v. State</u>, No. 3D21-1147, 2022 WL 2334996 (Fla. 3d DCA June 29, 2022) and <u>J.T.B. v. State</u>, Nos. 3D21-577, 3D21-537, 3D21-2038, & 3D21-1549, 2022 WL 2334940 (Fla. 3d DCA June 29, 2022), which are indistinguishable in all material respects from the instant case, we reverse the adjudicatory order and remand for a new adjudicatory hearing and for further proceedings consistent with <u>M.D.</u> and <u>J.T.B.</u>

Reversed and remanded.